

FILED

17 OCT -4 AM 11:41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: JDT          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF GERARDO CRUZ-SANCHEZ, by and through his successor-in-interest Paula Garcia Rivera; and PAULA GARCIA RIVERA, individually and in her capacity as successor-in-interest,<br><br>       Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; CORECIVIC, INC. formerly known as Corrections Corporation of America (CCA); C.O. LANDIN, in his individual capacity; and DOES 1-30, inclusive,<br><br>       Defendants. | Case No.: 3:17-cv-00569-BEN-NLS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT (ECF No. 31)** |

Plaintiffs have filed a motion for leave to amend their complaint. (Mot., ECF No. 31). They seek to file a second amended complaint to add factual allegations against Defendants based on recent discovery previously unavailable to Plaintiffs. The second amended complaint would constitute the first substantive change to the original complaint, as Plaintiffs filed a first amended complaint to correct the spelling of

1

Defendant C.O. Landin's name. Plaintiffs have filed their motion to amend within the deadline to file amended pleadings.

Defendant United States of America and Defendants CoreCivic, Inc. and C.O. Landin have filed responses to Plaintiffs' motion. (USA Opp'n, ECF No. 33; CoreCivic Opp'n, ECF No. 32). The United States does not oppose the motion to amend to the extent it adds a claim against the United States under the Federal Tort Claims Act ("FTCA") based on a theory of medical malpractice. But the United States explains that it "will not join in a motion to file a [second amended complaint] that contains . . . other, non-viable claims against the United States." (USA Opp'n at 3). The United States reserves its right to file a motion to dismiss to challenge these allegedly non-viable claims.

CoreCivic, Inc. and C.O. Landin's response does not oppose the motion to amend, but asks that the Court strike proposed paragraph 115 if the Court grants the motion. Paragraph 115 explains that CoreCivic has been sued in three federal lawsuits in June and July 2017 related to a scabies outbreak in its Tennessee detention facility. Defendants believe this language does not aid in curing any potential pleading defect and "serves only to inflame and unfairly prejudice this Court and the potential jury pool." (CoreCivic Opp'n at 3). Plaintiffs reply that paragraph 115 is relevant to CoreCivic's failure to provide basic healthcare to Mr. Cruz-Sanchez.

After a responsive pleading is served, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy for granting leave should "be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citations omitted). In determining whether to grant leave, a court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id.* In the absence of these factors, leave should be freely given. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1072-73 (9th Cir. 2012) (reversing district court's denial of leave for failure to meet and confer).

In this case, none of the four factors are present and the Court grants Plaintiffs'

2

motion for leave to amend.  Plaintiffs must file their second amended complaint without paragraph 115 within three (3) days of the entry of this Order.

**IT IS SO ORDERED.**

Dated:  October //, 2017

Hon. Roger T. Benitez
United States District Judge