# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF GERARDO CRUZ-SANCHEZ, by and through his successor-in-interest Paula Garcia Rivera, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No.: 17cv569 AJB (NLS) <br><br> **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 3** <br><br> [ECF No. 86] |

Before the Court is a Joint Motion for Determination of Discovery Dispute No. 2, filed by Plaintiffs and Defendants CoreCivic, Inc. and C.O. Landin (collectively, "CoreCivic"), regarding Plaintiffs' Sixth Supplemental Disclosure Statement. ECF No. 86.

## I. BACKGROUND

According to the allegations in Plaintiffs' Third Amended Complaint, the United States arrested Gerardo Cruz-Sanchez in early February 2016 as a material witness to the crime of alien-smuggling. ECF No. 83. He was not charged with a crime, but because he

could not afford bail, he was incarcerated in the Otay Mesa Detention Center ("OMDC"), which is run by CoreCivic. The complaint alleges that Mr. Cruz-Sanchez fell sick with pneumonia a few days after being admitted to OMDC and he died while in custody 18 days later. Plaintiffs allege that despite Mr. Cruz-Sanchez making multiple complaints to staff and displaying visible signs of illness, Defendant C.O. Landin and other staff failed to provide him with any medical attention. Plaintiffs' complaint puts forth several causes of action including wrongful death, negligence, violation of the Bane Act, negligent training and supervision, and breach of duty.

The parties previously brought a discovery dispute regarding a witness, David McGinnis. ECF No. 67. Mr. McGinnis was the Learning and Development Manager at OMDC for 11 years, including the time during which Mr. Cruz-Sanchez was detained. Plaintiffs deposed Mr. McGinnis and during the deposition, Mr. McGinnis testified that he believed there were understaffing issues at OMDC and that he had personally made written complaints regarding these issues. Plaintiffs subsequently sought discovery targeting the understaffing allegations, and Defendants objected. The Court ruled that some discovery would be permitted into the understaffing issues. ECF No. 68.

Relevant to the instant dispute, on August 18, 2018, Plaintiffs deposed Franklin Reid in another unrelated lawsuit that Plaintiffs' counsel filed against CoreCivic.[1] ECF No. 86 at 7. Mr. Reid is a former CoreCivic detention officer and was one of the transportation officers involved in the other lawsuit. *Id.* Because Mr. Reid was at OMDC around the timeframe that Mr. Cruz-Sanchez was in custody, Plaintiffs' counsel questioned him regarding staffing issues and whether he remembered Mr. McGinnis, and Mr. Reid gave some statements that Plaintiffs argue support Mr. McGinnis's testimony and credibility. *Id.* Thus, two days later, on August 20, 2018, Plaintiffs amended their Sixth Supplemental Disclosure Statement and identified Mr. Reid as a potential witness. Plaintiffs state that Mr. Reid is currently expected to testify as to the following:

---

[1] The other case is *Dorador-Martinez v. CoreCivic, Inc.* et al, Case No. 18cv534-CAB (BGS).

> Mr. Reid is expected to testify as to the following matters: In February-March 2016, the Otay Mesa Detention Center was understaffed and the detention officers were forced to do overtime shifts and expected to work overtime when they moved into the new OMDC factiliy [sic] in late 2015. These factors impacted the OMDC detention officers' ability to ensure the safety of the detainees and inmates. In addition, the understaffing was due to CoreCivic's prioritizing profits over the well-being of OMDC staff and inmate safety.

ECF No. 86-2 at 5. Defendants objected to the disclosure as untimely, and while Plaintiffs were able to resolve the government's objection, CoreCivic continued to object to Mr. Reid and brought the instant motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to provide information regarding "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Under Rule 26(e), parties have a duty to supplement these disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Supplemental disclosures that are made after the close of fact discovery are presumptively untimely. *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-CV-0595-BAS-MDD, 2016 WL 1394280, at *2 (S.D. Cal. Apr. 8, 2016); *Ashman v. Solectron, Inc.*, No. CV 08-1430 JF, 2010 WL 3069314, at *4 (N.D. Cal. Aug. 4, 2010). Courts will consider the following factors in determining if violation of a discovery deadline is justified or harmless: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Obesity Research*, 2016 WL 1394280, at *2 (citing *Lanard Toys v.*

*Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010)).

Here, there is no question that the disclosure came months after fact discovery closed on April 9, 2018. *See* ECF No. 54. The parties also agree that the late disclosure was not due to bad faith or willfulness. ECF No. 86 at 5, 7. However, Defendants argue that they will be prejudiced by the late disclosure of Mr. Reid as they had no opportunity to depose him at this late stage. *Id.* at 5-6. Plaintiffs counter that there will be little prejudice because Mr. Reid's statements are only made in support of Mr. McGinnis's sworn testimony. *Id.* at 8. In addition, Plaintiffs state that Mr. Reid's testimony will support Mr. McGinnis's credibility as a witness, since Defendants have painted Mr. McGinnis as a "disgruntled" and "hostile" former employee. *Id.* Thus, Plaintiffs argue that Mr. Reid's testimony is not "new" to CoreCivic. *Id.*

First, to the extent that Plaintiffs disclose Mr. Reid to give rebuttal testimony should Defendants attack Mr. McGinnis's credibility, Rule 26(a) does not strictly require witnesses giving such testimony to be disclosed. *See Kumar v. Williams Portfolio 7, Inc.*, No. C14-657RAJ, 2015 WL 11714566, at *4 (W.D. Wash. Aug. 13, 2015) (Rule 26(a)(1)(A)(i) "is relaxed when an individual is not being used to support the disclosing party's claims or defenses or whose use would solely be for impeachment" and permitting undisclosed witness to testify only as rebuttal witness).

For other purposes however, the Court finds that Plaintiffs' disclosure of Mr. Reid to be too broad as written and may be prejudicial to CoreCivic. Mr. Reid's proposed testimony is not cabined to information that is necessarily known to CoreCivic. While Plaintiffs represent in this motion to the Court that Mr. Reid's testimony will only support Mr. McGinnis's sworn testimony, the disclosure itself does not include this limitation and more generally states that Mr. Reid would testify about OMDC being understaffed, officers being forced and expected to do overtime, and that this was a result of CoreCivic prioritizing profits over safety. Thus, the Court will **STRIKE** Mr. Reid's disclosure from Plaintiff's Second Amended Supplemental Disclosure Statement, as written.

4

However, because the Court believes the prejudice as to untimeliness could be cured, the Court will permit Plaintiffs to amend their disclosures, should they choose to, subject to the following limitations on Mr. Reid's proposed testimony.[2] If Plaintiffs limited Mr. Reid's proposed testimony in its Rule 26(a) disclosures to information CoreCivic already has knowledge of—*i.e.*, affirmative testimony only in support of Mr. McGinnis's testimony, with no new subject matter introduced, or rebuttal testimony should Defendants attack Mr. McGinnis's credibility—any prejudice to Defendants may be cured. Plaintiffs may amend their Rule 26(a) disclosures no later than **October 1, 2018**, if they choose. If Plaintiffs elect to amend, they are also ordered to produce to Defendants a copy of Mr. Reid's August 18, 2018 deposition testimony, if Defendants do not already have a copy in their possession.

**IT IS SO ORDERED.**

Dated: September 26, 2018

Hon. Nita L. Stormes
United States Magistrate Judge

---

[2] The Court emphasizes that it only analyzes the timeliness of Plaintiffs' disclosure of Mr. Reid on their Rule 26(a) disclosures, under the relevant case law. In other words, these limitations are only for the purpose of excusing an otherwise untimely Rule 26(a) witness disclosure and do not pertain to what testimony will eventually be permitted at trial. This order is without prejudice to Defendants seeking further relief in the form of an *in limine* motion or otherwise, should they choose to move to preclude or limit Mr. Reid's testimony at trial.