UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF GERARDO CRUZ-SANCHEZ, by and through his successor-in-interest Paula Garcia Rivera, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 17-cv-00569-AJB-NLS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SEAL**<br><br>(Doc. No. 113) |

Pending before the Court is a motion to seal filed by Defendants on October 9, 2018. (Doc. No. 113.) Defendants' motion requests the following document to be filed under seal:

- Employment Education and Training Record (Exhibit 3 to Defendants' Reply in Support of Their Amended Motion for Summary Judgment)

Defendants contend the document contains proprietary and security sensitive documents that memorialize CoreCivic security operations and procedures. (Doc. No. 113 at 2.)

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one

'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate compelling justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citation omitted).

After a careful examination of the document, the Court agrees with Defendants and finds that despite the generally recognized right to inspect records and documents in this country, Defendants have overcome this strong presumption of access by providing compelling reasons to seal. *See Nixon*, 435 U.S. at 597 & n.7; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (holding that a "compelling reasons standard applies to most [motions to seal] judicial records.") (internal quotation marks omitted).

Here, the document Defendants wish to seal includes information regarding CoreCivic's security operations and procedures that if released publicly present safety and security concerns, would result in competitive harm to CoreCivic's business interest, and would reveal how its detention officers are trained. (Doc. No. 113 at 2.) Accordingly, balancing the need for the public's access to information and Defendants' interest in keeping this material private weighs strongly in favor of sealing. Thus, the Court **GRANTS** Defendants' motion to seal. (Doc. No. 113); *see Fosselman v. Evans*, No. C 07-2606 PJH (PR), 2011 WL 939616, at *2 (N.D. Cal. Mar. 15, 2011) (granting a motion to seal based on the finding that the documents would threaten the safety and security of the institution).

**IT IS SO ORDERED**.

Dated: September 17, 2019

Hon. Anthony J. Battaglia
United States District Judge