UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF GERARDO CRUZ-SANCHEZ, by and through his successor-in-interest Paula Garcia Rivera, et al., <br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 17-cv-00569-AJB-NLS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SEAL**<br><br>(Doc. No. 87) |

Pending before the Court is a motion to seal filed by Defendants on September 14, 2018. (Doc. No. 87.) Defendants' motion requests the following documents to be filed under seal:

- Attachment 2 and 3 to Beverly Soria's Declaration (Exhibit 2 to Defendants' Motion for Summary Judgment)
- Attachment 2 and 3 to Dennis Morris' Declaration (Exhibit 11 to Defendants' Motion for Summary Judgment)
- Declaration of Owen Murray, D.O., MBA (Exhibit 6 to Defendants' Motion for Summary Judgment)

1

- Declaration of Joseph B. Marzouk, M.D. FACP (Exhibit 12 to Defendants' Motion for Summary Judgment)
- ICE Medical Records (Exhibit 3 to Defendants' Motion for Summary Judgment)
- Report of Todd Wilcox (Exhibit 1 to Defendants' Motion to Exclude Expert Opinions of Dr. Todd Wilcox)

Defendants contend the documents contain private information regarding Plaintiff's medical records and proprietary and security sensitive documents that memorialize CoreCivic security operations and procedures. (Doc. No. 87 at 2.)

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate compelling justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citation omitted).

After a careful examination of the documents, the Court agrees with Defendants and finds that despite the generally recognized right to inspect records and documents in this country, Defendants have overcome this strong presumption of access by providing compelling reasons to seal. *See Nixon*, 435 U.S. at 597 & n.7; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (holding that a "compelling reasons standard applies to most [motions to seal] judicial records.") (internal quotation marks omitted).

Here, the documents Defendants wish to seal include personal and sensitive information regarding Plaintiff, including incidents that occurred when he was in federal

custody and his medical conditions. (Doc. No. 87.) The documents also include information regarding CoreCivic's security operations and procedures that if released publicly present safety and security concerns. (*Id.*) Accordingly, balancing the need for the public's access to information and Defendants' interest in keeping this material private weighs strongly in favor of sealing. Thus, the Court **GRANTS** Defendants' motion to seal. (Doc. No. 87); *see Foltz*, 331 F.3d at 1137 (acknowledging privacy interests implicated by sensitive, personal, identifying information); *see also Fosselman v. Evans*, No. C 07-2606 PJH (PR), 2011 WL 939616, at *2 (N.D. Cal. Mar. 15, 2011) (granting a motion to seal based on the finding that the documents would threaten the safety and security of the institution).

**IT IS SO ORDERED**.

Dated: September 17, 2019

Hon. Anthony J. Battaglia
United States District Judge