UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF GERARDO CRUZ-SANCHEZ, by and through his successor-in-interest Paula Garcia Rivera, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.:  17-cv-569-AJB-NLS<br><br>**ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR RECONSIDERATION**<br><br>(Doc. No. 136) |

Presently before the Court is Defendants' ex parte application for reconsideration. (Doc. No. 136.) Plaintiff filed a response to Defendants' motion. (Doc. No. 144.) Based on the arguments presented in the briefing, the Court **DENIES** Defendants' ex parte application for reconsideration.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

# BACKGROUND

The instant matter revolves around the arrest, incarceration, and eventual death of Gerardo Cruz-Sanchez. (*See generally* Doc. No. 83.) On August 7, 2018, Plaintiffs filed their third amended complaint ("TAC"). (Doc. No. 83.) Defendants United States, Landin, and CoreCivic answered the TAC on August 21, 2018. (Doc. Nos. 84, 85.) On September 14, 2018, Defendants Landin and CoreCivic filed their motion for summary judgment. (Doc. No. 107.) The Court granted in part and denied in part the motion for summary judgment. (Doc. No. 128.) Defendants then filed the instant ex parte application for reconsideration. (Doc. No. 136.) This Order follows.

# LEGAL STANDARD

District courts have the inherent authority to entertain motions for reconsideration of interlocutory orders. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders ... are subject to modification by the district judge at any time prior to final judgment."); *see also* Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). Absent highly unusual circumstances, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Beal v. Royal Oak Bar*, No. 13-cv-04911-LB, 2016 WL 3230887, at * 1–2 (N.D. Cal. June 13, 2016); *In re: Incretin Mimetics Prods. Liab. Litig.*, No. 13md2452 AJB (MDD), 2014 WL 12539702, at *1 (S.D. Cal. Dec. 9, 2014); *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4076319, at *2 (N.D. Cal. Aug. 18, 2014); *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003).

However, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Such a motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been

raised earlier in the litigation. *Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263. It does not give parties a "second bite at the apple." *See id.*; *see also Weeks v. Bayer*, 246 F.3d 1231, 1236–37 (9th Cir. 2001). "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

In addition, Local Civil Rule 7.1(i)(1) states that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. CivLR 7.1. The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

## **DISCUSSION**

Defendants base their ex parte application for reconsideration on three grounds: (1) Defendants did not proximately cause Mr. Cruz-Sanchez's death; (2) punitive damages are not appropriate against Defendant CoreCivic; and (3) Plaintiffs' Bane Act claim fails as a matter fact and law. (*See generally* Doc. No. 136.) Defendants state that their purpose in bringing this motion is to bring to the Court's attention arguments that were raised in briefing and at oral argument, but not addressed by the Court in its Order. (Doc. No. 136 at 2.)

First, the Court notes that Defendants use of an ex parte application to bring the Court's attention to arguments that were previously raised is inappropriate. In seeking reconsideration, a party must show what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application. S.D. Cal. CivLR 7.1. Defendants have failed to do so, however, the Court will address each of Defendants' arguments.

A. <u>Causation and Wrongful Death</u>

Defendants assert that there is no evidence to show that any failure to promptly summon medical care was the proximate cause of Mr. Cruz-Sanchez's death. (Doc. No.

136 at 4.) First, Plaintiffs challenge this argument by asserting that Defendants did not raise this argument in their motion for summary judgment. However, the Court notes that this argument was briefly mentioned in Defendants' motion for summary judgment and at oral argument. (Doc. No. 107-1 at 18; Doc. No. 127 at 45, ln. 16–21.)

Under California's Wrongful Death Statute, Cal. Civ. Code § 377.60, "the plaintiff must prove the death was 'caused by' the defendant's wrongful act or neglect." *Bromme v. Pavitt*, 5 Cal. App. 4th 1487, 1497 (1992) (citation omitted). In a personal injury action, "causation must be proven within a reasonable medical probability based upon competent expert testimony." *Id.*

Defendants rely on their infectious disease expert's testimony that "even if Mr. Cruz-Sanchez had been seen earlier on the day of February 26, 2016, his evaluation would have necessitated his transfer to the hospital where the treatment and support would have been identical to what he subsequently received," and that an "[e]arlier admission (by a few hours) would not have altered his need for antibiotics, respiratory support or his demise, which occurred more than three days after admission" to prove a lack of causation. (Doc. No. 136 at 4.) Plaintiffs highlight that Defendants' expert says nothing about what would have happened had Defendants acted days before on February 21, 2016, or had Defendants taken action in response to Jonathan Franks' message. (Doc. No. 144 at 3.) Plaintiffs' medical expert opined that had Mr. Cruz-Sanchez's pneumonia been treated earlier, he would have likely survived the infection. Defendants' expert only discusses that an admission a few hours earlier on the 26th would likely not have altered Mr. Cruz-Sanchez's condition. There is an issue of fact as to whether Defendants failure to act sooner, for example on the 21st, caused Mr. Cruz-Sanchez's death.

Defendants argue that Defendant Landin and Mr. Cruz-Sanchez did not encounter one another in the days leading up to February 26, 2016 and thus, could not have intervened earlier to save Mr. Cruz-Sanchez's life. However, as the Court already held there is a question of fact as to whether comments were made to Mr. Chavez by Defendants prior to

February 26, 2016.[1] (Doc. No. 128 at 8.) Thus, there is a question of fact as to whether Defendants caused Mr. Cruz-Sanchez's death.

Defendants assert that all of Plaintiffs' claims are based in wrongful death. (Doc. No. 136 at 4.) Plaintiffs argue that this is simply not true. Plaintiffs allege claims based on Defendants' deliberate indifference and Defendants' interference with his right to medical care. The Court agrees that Plaintiffs have alleged claims based on other theories besides wrongful death. However, this does not impact the Court's analysis as to causation.

B.   Punitive Damages

Defendants assert that the Court overlooked a necessary requirement before a corporation can be liable for punitive damages. (Doc. No. 136 at 4.) California's punitive damages statute "requires proof of malice among corporate leaders" before imposing punitive damages against a corporation. *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000).  An employer is subject to punitive damages for the acts of an employee where the employer knows the employee to be unfit and employs him "with a conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(b). "With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b).

Defendants argue that Plaintiffs provided no evidence of malice on behalf of any of Defendant CoreCivic's individual officers, directors, or managing agents. Further, Defendants assert that Defendant Landin is not an officer, director, or managing agent. Plaintiffs contend that Defendant Landin abided with the policy that was deliberately indifferent to Mr. Cruz-Sanchez's medical needs. Defendant CoreCivic denies that it has a legal duty to provide medical care to Mr. Cruz-Sanchez. This denial of a duty evidences the necessary malice for liability, according to Plaintiffs. "When the entire organization is

---

[1] For example, Mr. Chavez-Lopez allegedly stated during a phone call on February 17, "I told the guard and he says that they take them to the hospital only when they're dying. I'm just hoping they're not gonna [sic] wait till he dies." (Doc. No. 144 at 4 n.8.)

involved in the acts that constitute malice, there is no danger a blameless corporation will be punished for bad acts over which it had not control, the primary goal of the 'management requirement.'" *Romo v. Ford Motor Co.*, 99 Cal. App. 4th 1115, 1140 (2002). Thus, it is a question for the jury to decide whether the alleged policy that Defendant Landin followed was deliberately indifferent to Mr. Cruz-Sanchez's medical needs. The alleged policy is a policy in place by Defendant CoreCivic and thus, satisfies the management requirement. If the alleged policy was deliberately indifferent to Mr. Cruz-Sanchez's medical needs, then punitive damages may be awarded as determined by a jury.

C.   <u>Bane Act</u>

Defendants assert that the Court's ruling in denying summary judgment overlooked Defendants' arguments that Plaintiffs never pled a constitutional violation for deliberate indifference, and even if they did, such a claim is not actionable against Defendants. However, the Court specifically addressed Defendants' argument that Plaintiffs did not pled a constitutional violation for deliberate indifference in its Order. (Doc. No. 128 at 5.)

Defendants' argument that the Bane Act claim would not be actionable against Defendants was not raised in their amended motion for summary judgment. Defendants briefly raised a similar argument in their reply. (Doc. No. 114 at 3–4.) In their reply, Defendants argued the claims Plaintiffs sought must be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  However, the Court "need not consider arguments raised for the first time in a reply brief." *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see also United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006). To raise this argument now is also improper. A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263. It does not give Defendants a "second bite at the apple." *See id.*; *see also Weeks*, 246 F.3d at 1236–37.

Defendants also argue even if Landin made those statements they were directed at Mr. Chavez, not Mr. Cruz-Sanchez. (Doc. No. 136 at 7.) Defendants assert that there is no

evidence that Mr. Chavez relayed these comments to Mr. Cruz-Sanchez. (*Id.*) The Bane Act is limited to those who "themselves have been the subject of violence or threats." *Bay Area Rapid Transit. Dist. v. Superior Court*, 38 Cal. App. 4th 141, 144 (1995). Here, even though the alleged comments were made to Mr. Chavez, Mr. Cruz-Sanchez was the subject of the alleged statements. In *Bay Area Rapid Transit. Dist.*, the plaintiffs were parents of a child that had been killed by a police officer and were seeking a Bane Act claim on their behalf. *Id.* Here, the Estate of Mr. Cruz-Sanchez is bringing the Bane Act claim on his own behalf. Accordingly, it is a question for the jury to decide whether these alleged statements amount to creating threats, intimidation, or coercion.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' ex parte application for reconsideration.

**IT IS SO ORDERED**.

Dated:  July 9, 2020

Hon. Anthony J. Battaglia
United States District Judge

17-cv-569-AJB-NLS