Daniel P. Struck, Pro Hac Vice
Ashlee B. Hesman, Pro Hac Vice
Timothy M. Ray, Pro Hac Vice
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 W. Ray Road, Suite 300
Chandler, Arizona 85226-2473
Telephone: (480) 420-1600
Fax:  (480) 420-1696
dstruck@strucklove.com
ahesman@strucklove.com
tray@strucklove.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 229-0961
Cell: (801) 330-0463
Fax: (949) 861-7622
ethannelsonesq@gmail.com

Attorneys for Defendants CoreCivic, Inc.
and Landin

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of Gerardo Cruz-Sanchez, by and through his successor-in-interest Paula Garcia Rivera; and Paula Garcia Rivera, individually and in her capacity as successor-in-interest, | NO. 3:17-cv-00569-AJB-NLS |
| | **CORECIVIC DEFENDANTS' RULE 26(a)(3) PRETRIAL DISCLOSURE** |
| Plaintiffs, | |
| v. | Judge:  Honorable Anthony J. Battaglia |
| United States of America; CoreCivic, Inc. formerly known as Corrections Corporation of America (CCA); C.O. Landin, in his individual and official capacities; and Does 1-30, inclusive, | |
| Defendants. | |

Defendants CoreCivic, Inc. and Landin ("CoreCivic Defendants"), in accordance with Fed. R. Civ. R. 26(a)(3) and the Court's May 7, 2021 Amended Scheduling Order (Dkt. 152) submit their Pretrial Disclosures relating to

information about the evidence they may present at trial other than solely for impeachment.

## I. NAMES AND, IF NOT PREVIOUSLY PROVIDED, THE ADDRESS AND TELEPHONE NUMBER OF EACH WITNESS.[1]

### A. Witnesses CoreCivic Defendants Expect to Present.[2]

1. Defendant D. Landin

Defendant D. Landin was, at all relevant times, employed by CoreCivic as a Detention Officer ("DO") at the Otay Mesa Detention Center ("OMDC"). Defendant Landin will testify regarding the dates and times he was assigned to work in Decedent's housing unit and his relevant actions during Decedent's detention at OMDC. He will also testify that he did not observe any detainee in Decedent's housing unit, (including Decedent) with blood-soaked sheets or clothing, or coughing up blood in the common area, and that if he had, he would have activated an emergency response, which would have included response by medical personnel. Defendant Landin will also testify regarding the various avenues by which detainees may access medical care at OMDC, consistent with his experience and observations while working at OMDC. Defendant Landin will further testify that DOs' responsibility in providing access to medical care is limited to providing sign-in sheets for detainees to request to go to sick call, escorting

---

[1] CoreCivic Defendants have previously provided addresses for all witnesses in their Rule 26(a)(1) and (2) Disclosure Statements. Due to the security-sensitive nature of listing current or former correctional employees' addresses and telephone numbers in publicly filed documents, all such individuals should be contacted through counsel. Undersigned counsel will accept service of any proper trial subpoena for any individual defendant he represents, as well as any current employee of CoreCivic who is listed in this disclosure. Defense counsel will also attempt to contact any former employee to obtain authorization to accept service of any trial subpoena requested by Plaintiff's counsel, and if contact with the former employee cannot be made or authorization to accept service provided, will provide Plaintiff's counsel with the last known contact information for former employees pursuant to the Protective Order in this matter.

[2] By listing expected and potential witnesses, CoreCivic Defendants do not guarantee that any particular witness will be called. Plaintiff should not rely on this list as an indication that any particular witness will be called and is responsible for ensuring that any of CoreCivic Defendants' witnesses she wishes to call are subpoenaed.

1   detainees to medical for appointments, calling medical for instruction when a
2   detainee approaches staff with a medical question or issue, and calling for
3   assistance and rendering first aid when a detainee appears to be experiencing a
4   medical emergency.  He is also expected to testify regarding any personal
5   knowledge he may have of the Decedent or the events giving rise to this lawsuit.  In
6   addition, Defendant Landin will testify regarding his deposition testimony.

7           2.      Assistant Warden Dennis Morris

8           At all relevant times, Mr. Morris was the Assistant Warden at OMDC.
9   Assistant Warden Morris is expected to testify regarding CoreCivic customs,
10  policies, and practices as they relate to the roles and responsibilities of unit-team
11  personnel in observing and interacting with the detainees, orienting and assisting
12  detainees, and maintaining the safe and orderly operation of the housing units.  Mr.
13  Morris may also be called to testify regarding the training CoreCivic provided to its
14  employees, including training on DOs' duties and responsibilities as they relate to
15  detainee access to medical care and medical interventions.  Such testimony may
16  include the specific training received by Defendant Landin. Mr. Morris may be
17  called to testify regarding his knowledge regarding the interplay between CoreCivic
18  and ICE Health Service Corps, the avenues through which detainees may access
19  medical care, as well as the ease by which medical care is accessible to detainees.
20  Such testimony may include specifics as to the volume of medical appointments at
21  OMDC during the relevant timeframe.  Further, Mr. Morris will testify that no one
22  working at OMDC on February 22, 2016 matches the description of a "heavyset
23  blond gentleman" that Jonathan Frank described during his December 4, 2017
24  deposition.  Mr. Morris will also testify regarding the retention period for video
25  surveillance footage at OMDC.  In addition, Mr. Morris may be called to testify
26  regarding any CoreCivic policies, procedures, and practices which may be relevant
27  to Plaintiff's claims.  Mr. Morris is also expected to testify regarding any personal
28  knowledge he may have of the decedent or the events giving rise to this lawsuit

including, but not limited to, any observations, interactions, or communications he may have had with the decedent or other inmates in decedent's assigned housing unit during the decedent's detention at OMDC.

3.   Owen J. Murray, D.O., M.B.A.
Vice President, Offender Health Services
Correctional Managed Care
University of Texas Medical Branch at Galveston
301 University Boulevard
Galveston, Texas 77555-1008
(936) 494-4172

Dr. Murray is a certified Correctional Health Care Professional and is a licensed, Board Certified Family Physician.  He is expected to testify regarding the correctional medicine standard of care applicable to OMDC and similar facilities, the adequacy of access to health care for detainees at OMDC, to include the specific access afforded to Decedent.  In addition, he is expected to testify as to the DO training provided by CoreCivic as required by the compliance standards.   Dr. Murray will testify regarding his Initial and Rebuttal Expert Reports, and the documents he reviewed in preparation of drafting them.

4.   Joseph B. Marzouk, M.D., FACP
Infectious Disease Specialist
4096 Peidmont Avenue, Suite 911
Oakland, California 94611
(510) 835-6225

Dr. Marzouk is certified in Internal Medicine, Internal Medicine, Infectious Diseases, Infection Control and an HIV Specialist.  He is expected to testify regarding the progression of illnesses such as Pneumonia, Respiratory Distress Syndrome and Subcutaneous emphysema; the variations of these diseases; the symptoms Decedent exhibited, and the timing of the Decedent's arrival in the medical facility and his admittance to Scripps Mercy Hospital–Chula Vista.  Dr. Marzouk will testify regarding his Rebuttal Expert Report and the documents he reviewed in preparation of drafting it.

**B.** **Witnesses CoreCivic Defendants May Call If The Need Arises.**

1.     Assistant Warden (formerly Chief) J. Roemmich

Assistant Warden Roemmich is employed by CoreCivic, Inc. and formerly served as the Chief of Security and subsequently an Assistant Warden at the OMDC.  Mr.  Roemmich is expected to testify regarding CoreCivic's customs, policies, and practices relating to roles and responsibilities of DOs in terms of making safety and security rounds, observing and interacting with detainees, logging facility activities, responding to medical emergencies, and maintaining the safe and orderly operation of the housing units.  Assistant Warden Roemmich may also be called to testify regarding the training CoreCivic provided to its DOs, including the specific training Defendant Landin received.   Assistant Warden Roemmich may be called to testify regarding his knowledge of the interactions between CoreCivic in providing detainee housing and safety and the ICE Health Service Corps in providing detainee medical care at OMDC, as well as the avenues through which detainees may access medical care.  In addition, Assistant Warden Roemmich may be called to testify regarding any CoreCivic or facility policies, procedures, and practices which may be relevant to this lawsuit.

2.     Quality Assurance Manager B. Soria

Ms. Soria is, and was at all relevant times, employed by CoreCivic as the Quality Assurance Manager at OMDC.  Ms. Soria is expected to testify that as part of her responsibilities, she was the Facility Grievance Officer during the relevant time period and oversaw the administrative remedies available to detainees at OMDC to address complaints, including those related to the provision of medical care.   Ms. Soria is expected to testify regarding the available administrative remedies at OMDC, the process through which detainees can utilize those remedies, and will testify that no administrative remedy or complaint was filed by Decedent or any other detainee relating to the alleged actions of DO Landin or any other CoreCivic employee.  Ms. Soria may be called to testify regarding any personal

1  knowledge she may have of the Decedent or the events giving rise to this lawsuit
2  including, but not limited to, any observations, interactions, or communications she
3  may have had with the Decedent or other inmates in Decedent's assigned housing
4  unit during Decedent's detention at OMDC.

5          3.      Chief V. Sawyer

6          Ms. Sawyer is employed by CoreCivic as the Chief of Unit Management at
7  OMDC.  Chief Sawyer is expected to testify regarding CoreCivic customs, policies,
8  and practices relating to roles and responsibilities of unit team personnel in
9  observing and interacting with the detainees, orienting and assisting detainees, and
10 maintaining the safe and orderly operation of the detainee housing units.  She may
11 also be called to testify regarding the training provided by CoreCivic to its
12 employees in general.  She may be called to testify regarding her knowledge of the
13 interactions between CoreCivic in providing detainee housing and safety and the
14 ICE Health Service Corps in providing detainee medical care at OMDC, as well as
15 the avenues through which detainees may access medical care.  In addition, Chief
16 Sawyer may be called to testify regarding any CoreCivic or facility policies,
17 procedures, and practices which may be relevant to this lawsuit. Chief Sawyer is
18 also expected to testify regarding any personal knowledge she may have of the
19 events giving rise to this lawsuit.

20         4.      Unit Manager D. Gillespie

21         Mr. Gillespie was employed at all relevant times by CoreCivic as a Unit
22 Manager at OMDC and oversaw operations of J-Pod during Decedent's detention at
23 OMDC.  Mr. Gillespie may be called to testify regarding his knowledge of the
24 interactions between CoreCivic in providing detainee housing and safety and the
25 ICE Health Service Corps in providing detainee medical care at OMDC, as well as
26 the avenues through which detainees may access medical care.  In addition, Mr.
27 Gillespie is also expected to testify regarding any personal knowledge he may have
28 of the Decedent or the events giving rise to this lawsuit, including but not limited

to, any observations, interactions, or communications he may have had with the Decedent or other inmates in decedent's assigned housing unit during the decedent's detention at OMDC.

### 5.    Detention Counselor B. Williams

Ms. Williams is, and was at all relevant times, employed by CoreCivic as a Detention Counselor at OMDC.  Counselor Williams may be called to testify regarding her knowledge of the interactions between CoreCivic in providing detainee housing and safety and the ICE Health Service Corps in providing detainee medical care at OMDC, as well as the avenues through which detainees may access medical care.  In addition, Counselor Williams is also expected to testify regarding any personal knowledge she may have of the Decedent or the events giving rise to this lawsuit, including but not limited to, any observations, interactions, or communications she may have had with Decedent or other inmates in Decedent's assigned housing unit during the Decedent's detention at OMDC.

### 6.    DO T. Castrejon

Ms. Castrejon is, and was at all relevant times, employed by CoreCivic as a Detention Officer at OMDC.  Ms. Castrejon was an officer in Health Services on February 26, 2016.  She may be called to testify regarding her knowledge of the medical logbook on that date, medical emergencies, the role of an officer when assigned to Health Services, and the role of the ERT team.  In addition, Ms. Castrejon will testify regarding the ease of access for detainees to obtain medical care.

### 7.    Jeremy Nobleza

At all relevant times, Mr. Nobleza was a Captain at OMDC.  He will testify regarding the training provided to CoreCivic DOs at OMDC, including the training provided to Defendant Landin.  He will also testify regarding the subjects of his deposition. To the extent that Mr. Nobleza is unavailable to testify in person, CoreCivic Defendants reserve the right to designate and present testimony from his

November 14, 2017 Videotaped Deposition in this matter, as well as admit any deposition exhibits which are discussed within any designated portions of that deposition.

### 8.   Noe Lopez, PA

Mr. Lopez was a Physician's Assistant with ICE Health Services Corp ("IHSC") who provided medical care during the time the Decedent was detained at OMDC. He is expected to testify regarding the treatment he provided to the Decedent including, but not limited to, care provided during his response to the medical emergency called on February 26, 2016, involving the Decedent and his decision to call off the emergency. He is expected to testify regarding the Decedent's condition on February 26, 2016, any conversations with the Decedent, and communications with any other medical personnel or CoreCivic employees regarding the Decedent.

### 9.   Jennifer Moreno, LVN

Ms. Moreno was a Licensed Vocational Nurse employed by IHSC during the time Decedent was detained at OMDC. She is expected to testify regarding the treatment she provided to Decedent including, but not limited to, care provided during her response to the medical emergency called on February 26, 2016, as well as the Decedent's refusal to go to medical. She is also expected to testify regarding the Decedent's condition on February 26, 2016, any conversations with the Decedent, and communications with any other medical personnel or CoreCivic employees regarding the Decedent. In addition, it is expected that Ms. Moreno will testify regarding the contents of her depositions. To the extent that Ms. Moreno is unavailable to testify in person, CoreCivic Defendants reserve the right to designate and present testimony from his March 27, 2018 Videotaped Deposition in this matter, as well as admit any deposition exhibits which are discussed within any designated portions of that deposition.

1

#### 10.  Tobe Propst, M.D.

2   Dr. Propst was, at all relevant times, employed by Defendant United States

3   and was the Clinical Director at OMDC.  Dr. Propst may be called to testify

4   regarding his personal observations of the Decedent, as well as his observations,

5   diagnosis, treatment, prognosis during his encounter with the Decedent on February

6   26, 2016.   To the extent that Dr. Propst is unavailable to testify in person,

7   CoreCivic Defendants reserve the right to designate and present testimony from his

8   November 15, 2017 Videotaped Deposition in this matter, as well as admit any

9   deposition exhibits which are discussed within any designated portions of that

10  deposition.

11

#### 11.  Edith Lederman, M.D.

12  Dr. Lederman was, at all relevant times, employed by Defendant United

13  States and a medical provider at OMDC.  Dr. Lederman may be called to testify

14  regarding her contemporary review and approval of medical entries pertaining to

15  Decedent during his detention at OMDC.   To the extent that Dr. Lederman is

16  unavailable to testify in person, CoreCivic Defendants reserve the right to designate

17  and present testimony from her November 29, 2017 Videotaped Deposition in this

18  matter, as well as admit any deposition exhibits which are discussed within any

19  designated portions of that deposition.

20

#### 12.  CDR Chiara Rodriquez, R.N.

21  CDR Rodriguez was, at all relevant times, employed by Defendant United

22  States.  She may be called to testify regarding her personal knowledge regarding the

23  IHSC mortality review regarding the Decedent, as well as documents she either

24  contemporaneously prepared or relied upon during that review.  To the extent that

25  Investigator Rodriguez is unavailable to testify in person, CoreCivic Defendants

26  reserve the right to designate and present testimony from her March 26, 2018

27  Videotaped Deposition in this matter, as well as admit any deposition exhibits

28  which are discussed within any designated portions of that deposition.

13.   Armando Mejia or other designated Custodian of Records
Scripps Mercy Hospital Chula Vista
435 H Street
Chula Vista, California 91910
(760) 663-7746

Mr. Mejia (or another designated Custodian of Records) may be called to testify if Plaintiff objects to the authenticity or foundation of any document CoreCivic Defendants seek to introduce into evidence obtained from Scripps Mercy Hospital Chula Vista bearing production numbers CC-CS000902 through CC-CS0001287.

14.   Emily McMullen or other designated Custodian of Records
San Diego County Medical Examiner's Office
5570 Overland Avenue, Suite 101
San Diego, California 92123-1206
(856) 694-2895

Ms. McMullen (or another designated Custodian of Records) may be called to testify if Plaintiff objects to the authenticity or foundation of any document CoreCivic Defendants seek to introduce into evidence obtained from the San Diego County Medical Examiner's Office bearing production numbers CC-CS001288 through CC-CS0001316.

15.   Estela Nava or other designated Custodian of Records
Ventura County Sheriff's Office
800 S. Victoria Avenue
Venture, California 93009
(805) 654-2380

Ms. Nava (or another designated Custodian of Records) may be called to testify if Plaintiff objects to the authenticity or foundation of any document CoreCivic Defendants seek to introduce into evidence obtained from the Ventura County Sheriff's Office bearing production numbers CC-CS002029 through CC-CS002031.

16.   Sandra F. Bess or other designated Custodian of Records
Yakima County Department of Corrections
111 N. Front Street
Yakima, Washington, 98901
(509) 574-1700

Ms. Bess (or another designated Custodian of Records) may be called to testify if Plaintiff objects to the authenticity or foundation of any document CoreCivic Defendants seek to introduce into evidence obtained from the Yakima County Department of Corrections bearing production numbers CC-CS001348 through CC-CS0001395.

17.   Investigator R. Rivera or other designated Custodian of Records
Investigator Rivera (or another designated Custodian of Records), is a CoreCivic employee at OMDC and may be called to testify if Plaintiff objects to the authenticity or foundation of any audio recordings obtained from the Detainee Telephone System at OMDC bearing production numbers CC-CS000602 through CC-CS000606..  In addition, as Custodian of Records, Investigator Rivera may also be called to testify regarding the retention period of the video surveillance system at OMDC.

18.   Andrea Cincotta or other designated Custodian of Records
Day Translations
415 Madison Avenue, 15th Floor
New York, New York 10017
(800) 969-6853

Ms. Cincotta (or another designated Custodian of Records) may be called to testify if Plaintiff objects to the authenticity or accuracy of any translation CoreCivic Defendants seek to introduce into evidence prepared by Day Translations bearing production numbers CC-CS001403 through CC-CS001927.

19.   Gary M. Vilke, M.D., FACEP, FAAEM
11582 Normanton Way
San Diego, California 92131
(619) 666-8643

Dr. Vilke is a board-certified emergency department physician with substantial experience in correctional medicine.  He may be called to testify

regarding his expert opinion that Decedent had daily access to medical care with detained at OMDC.  Dr. Vilke's proposed testimony is more fully described in his Expert Report disclosed by the United States.

## II. DESIGNATION OF THOSE WINTESSES WHOSE TESTIMONY THE PARTY EXPECTS TO PRESENT BY DEPOSITION.[3] [4]

      1.    Alejandro Chavez (February 19, 2018)

      2.    Paula-Garcia Rivera (May 23, 2018)

## III. IDENTIFICATION OF EACH DOCUMENT OR OTHER EXHIBIT, INCLUDING SUMMARIES OF OTHER EVIDENCE.

### A. Documents and Other Exhibits that CoreCivic Defendants Expect to Offer at Trial.

      1.    Otay Mesa Detention Center Detainee Handbook (2016 English Version) (CC-CS000069 through CC-CS000106)

      2.    Otay Mesa Detention Center Detainee Orientation Video (CC-CS000148).

      3.    Kronos Time Report for DO David Landin, for the period from February 11-26, 2016 (CC-CS000611 through CC-CS000613).

      4.    Excerpted redacted pages of OMDC J-Pod Logbook for the period from February 11, 2016 through February 26, 2016 (CC-CS000191 through CC-CS000285).

      5.    OMDC Detainee Posting titled, "How to Access Health Services / Como Acceder a lost Servios de Salud" (USA-D-002695).

### B. Documents and Other Exhibits that CoreCivic Defendants May Offer If the Need Arises.

      1.    Otay Mesa Detention Center Detainee Handbook (2016 Spanish Version) (CC-CS000107 through CC-CS000147).

      2.    Unredacted complete original OMDC J-Pod Logbook for the period from January 25, 2016 through March 6, 2016 (from which pages produced as CC-CS000191 through CC-CS000285 were obtained).

---

[3] All depositions were taken stenographically.  In addition, CoreCivic Defendants may offer at trial any deposition exhibits discussed within any designated portions of these depositions.

[4] CoreCivic Defendants do not waive their right to counter-designate any deposition Plaintiff intends to offer.  Further, to the extent that any witness CoreCivic identified in Section is learned to be unavailable, CoreCivic reserves the right to substitute deposition designations in lieu of live testimony.

3. Excerpted redacted page of OMDC Medical Logbook for the period from February 11, 2016 through February 26, 2016 (CC-CS000455 through CC-CS000574).

4. Unredacted complete original OMDC Medical Logbook for the period from February 7, 2016 through March 16, 2016 March 16, 2016 (from which pages produced as CC-CS000455 through CC-CS000574 were obtained).

5. Excerpt of OMDC Central Control Logbook, dated February 26, 2016 (CC-CS000575 through CC-CS000576).

6. Unredacted complete original OMDC Central Control Logbook (from which pages produced as CC-CS000575 through CC-CS000576 were obtained).

7. Chronological Compilation of non-duplicative OMDC Daily Shift Rosters for the period from February 11-26, 2016 (various pages from CC-CS000614 through CC-CS000712).

8. OMDC Detention File for Gerardo Cruz-Sanchez (CC-CS000154 through CC-CS000190).

9. USM-129 Individual Custody/Detention Report for Gerardo Cruz-Sanchez (USA-D-000458 through USA-D-000460).

10. USCIS A-File for Gerardo Cruz-Sanchez (USA-D-001789 through USA-D-001983).

11. BOP Medical File for Gerardo Cruz-Sanchez (USA-D-002279 through USA-D-002285)

12. IHSC Medical File for Gerardo Cruz-Sanchez (USA-D-001073 through USA-D-001152).

13. IHSC Report of Sick Call Response, dated February 12-17, 2016 (USA-D-003475 through USA-D-003481).

14. E-mail with attachment from Capt. Schneider, dated February 17, 2016, with a subject of FW: KOP for 2/18/16 delivery (CC-CS000580 through CC-CS000594).

15. E-mail with attachment from Capt Schneider, dated February 19, 2016, with a subject of FW: Clinic Lists (CC-CS000595 through CC-CS000599).

16. Scripps Mercy Hospital Chila Vista medical records pertaining to Gerardo Cruz-Sanchez (CC-CS000902 through CC-CS001287).

17. San Diego County Medical Examiner's Office records pertaining to Gerardo Cruz-Sanchez (CC-CS001288 through CC-CS001316).

18. USMS Prisoner Medical Request, acknowledged March 4, 2016, regarding Gerardo Cruz-Sanchez (USA-D-002745 through USA-D-002746).

19. IHSC Daily Assignment and Shift Report for February 26, 2016 (USA-D-004269).

20. Handwritten notes of interview of Noe Lopez by Chiara Rodriguez (USA-D-003520 through USA-D-003522).

21. Handwritten notes of interview of Jennifer Moreno by Chiara Rodriguez (USA-D-003523 through USA-D-003524).

22. ICE Mortality Review Fact-Finder Report (USA-D-003482 through USA-D-003485)

23. Curriculum Vitae of Owen J. Murray, D.O., MBA.

24. Initial Expert Report of Owen J. Murray, D.O., MBA.

25. Expert Rebuttal Report of Owen J. Murray, D.O., MBA.

26. Curriculum Vitae of Joseph B. Marzouk, M.D. FACP.

27. Expert Rebuttal Report of Joseph B. Marzouk, M.D. FACP.

28. Curriculum Vitae of Gary M. Vilke, M.D., FACEP, FAAEM

29. Expert Report of Gary M. Vilke, M.D. FACEP, FAAEM

30. Ventura County Sheriff's Department records pertaining to Gerardo Cruz-Sanchez (CC-CS002029 through CC-CS002031).

31. Yakima County Department of Corrections records pertaining to Gerardo Cruz-Sanchez (CC-CS001348 through CC-CS001395).

32. Certified transcript and translation of material witness interview of Gerardo Cruz-Sanchez conducted on February 11, 2016 (CC-CS001904 through CC-CS001927, and CC-CS001903), along with corresponding video recording produced by counsel for Plaintiff on November 8, 2017 (file: VIDEO-02.avi).

33. Amended Complaint for Violation of 8 USC 1324(a)(2)(B)(iii)., Bringing in Unlawful Aliens Without Presentation; and, 18 USC 1544, Misuse of Passport, filed in S.D. Cal. case no. 3:16-cr-00405-BAS, United States v. Juan Carlos Ortega-Gonzalez (CC-CS000011 through CC-CS000014).

34. Order and Conditions of Material Witness Pretrial Release: Bail for Gerardo Cruz-Sanchez, filed in S.D. Cal. case no. 3:16-cr-00405-BAS, United States v. Juan Carlos Ortega-Gonzalez (CC-CS000017).

35. Motion for Video Deposition and Subsequent Voluntary Departure of Material Witnesses, filed in S.D. Cal. case no. 3:16-cr-00405-BAS, United States v. Juan Carlos Ortega-Gonzalez (CC-CS000023 through CC-CS000035).

36. Marriage Certificate, registered January 18, 1983 (P091).

37. SF-95 Claim for Damage, Injury or Death, filed on behalf of Paula Rivera on August 24, 2016 (USA-D-001065 through USA-D-001068).

38. Statement of D. Landin (CC-CS000429).

39. Daily Visitation Log for Gerardo Cruz-Sanchez, during the period from 2/1/2016 to 3/29/2017 (CC-CS000153)

40. E-mail from Danielle Leyva, dated May 31, 2017 with a subject of Civil Matter (USA-D-001543).

41. Six Photographs of various OMDC personnel (CC-CS004150 through CC-CS004156).

42. USCIS A-File for Alejandro Chavez-Lopez (USA-D-003942 through USA-D-004235).

43. IHSC Medical Records for Alejandro Chavez-Lopez (USA-D-004329 through USA-D-004365).

44. Audio File List of Calls Placed from OMDC by Alejandro Chavez-Lopez (CC-CS000603 through CC-CS000606).

45. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:40 PM on February 11, 2016 to 818-310-6625 (CC-CS001889 through CC-CS001899, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 83_CHAVEZ-LOPEZ_818-310-6625_02-11-16_1940.mp3).

46. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 6:55 PM on February 12, 2016 to 818-310-6625 (CC-CS001872 through CC-CS001884, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 81_CHAVEZ-LOPEZ_818-310-6625_02-12-16_1855.mp3).

47. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 9:00 PM on February 12, 2016 to 818-310-6625 (CC-CS001859 through CC-CS001871, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 80_CHAVEZ-LOPEZ_818-310-6625_02-12-16_2111.mp3).

48.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 1:17 PM on February 13, 2016 to 011-52-3511002390 (CC-CS001850 through CC-CS001856, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 78_CHAVEZ-LOPEZ_011-52-3511002390_02-13-16_1317.mp3).

49.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 9:15 PM on February 13, 2016 to 818-310-6625 (CC-CS001826 through CC-CS001840, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 76_CHAVEZ-LOPEZ_818-310-6625_02-13-16_2115.mp3).

50.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 9:53 AM on February 14, 2016 to 818-310-6625 (CC-CS001818 through CC-CS001825, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 75_CHAVEZ-LOPEZ_818-310-6625_02-14-16_0953.mp3).

51.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:21 PM on February 14, 2016 to 011-52-3511002390 (CC-CS001811 through CC-CS001817, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 74_CHAVEZ-LOPEZ_011-52-3511002390_02-14-16_1921.mp3).

52.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 8:55 PM on February 14, 2016 to 818-310-6625 (CC-CS001800 through CC-CS001810, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 73_CHAVEZ-LOPEZ_818-310-6625_02-14-16_2035.mp3).

53.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 1:31 PM on February 15, 2016 to 619-843-6399 (CC-CS001793 through CC-CS001795, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 71_CHAVEZ-LOPEZ_619-843-6399_02-15-16_1331.mp3).

54.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 5:36 PM on February 15, 2016 to 011-52-3511002390 (CC-CS001790 through CC-CS001792, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 70_CHAVEZ-LOPEZ_011-52-3511002390_02-15-16_1736.mp3).

55.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:06 PM on February 15, 2016 to 818-310-6625 (CC-CS001785 through CC-CS001789, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 69_CHAVEZ-LOPEZ_818-310-6625_02-15-16_1906.mp3).

56. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:32 PM on February 15, 2016 to 818-310-6625 (CC-CS001761 through CC-CS001781, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 67_CHAVEZ-LOPEZ_818-310-6625_02-15-16_1932.mp3).

57. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 11:30 AM on February 16, 2016 to 619-231-8414 (CC-CS001757 through CC-CS001758, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 65_CHAVEZ-LOPEZ_619-231-8414_02-16-16_1130.mp3).

58. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 11:35 AM on February 16, 2016 to 619-308-9957 (CC-CS001755 through CC-CS001756, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 64_CHAVEZ-LOPEZ_619-308-9957_02-16-16_1135.mp3).

59. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:33 PM on February 16, 2016 to 011-52-3511002390 (CC-CS001745 through CC-CS001750, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 62_CHAVEZ-LOPEZ_011-52-3511002390_02-16-16_1933.mp3).

60. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:44 PM on February 16, 2016 to 818-310-6625 (CC-CS001731 through CC-CS001744, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 61_CHAVEZ-LOPEZ_818-310-6625_02-16-16_1944.mp3).

61. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 11:42 AM on February 17, 2016 to 619-308-9957 (CC-CS001728 through CC-CS001730, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 60_CHAVEZ-LOPEZ_619-308-9957_02-17-16_1142.mp3).

62. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 2:42 PM on February 17, 2016 to 818-310-6625 (CC-CS001717 through CC-CS001725, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 58_CHAVEZ-LOPEZ_818-310-6625_02-17-16_1442.mp3).

63. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 8:27 PM on February 17, 2016 to 818-310-6625 (CC-CS001688 through CC-CS001711, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 56_CHAVEZ-LOPEZ_818-310-6625_02-17-16_2027.mp3).

64.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 9:05 AM on February 18, 2016 to 818-310-6625 (CC-CS001684 through CC-CS001687, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 55_CHAVEZ-LOPEZ_818-310-6625_02-18-16_0905.mp3).

65.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:54 PM on February 18, 2016 to 818-310-6625 (CC-CS001670 through CC-CS001677, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 51_CHAVEZ-LOPEZ_818-310-6625_02-18-16_1954.mp3).

66.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 10:00 AM on February 19, 2016 to 818-310-6625 (CC-CS001667 through CC-CS001669, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 50_CHAVEZ-LOPEZ_818-310-6625_02-19-16_1000.mp3).

67.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 4:47 PM on February 19, 2016 to 011-52-13511661389 (CC-CS001658 through CC-CS001666, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 49_CHAVEZ-LOPEZ_011-52-13511661389_02-19-16_1647.mp3).

68.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 5:24 PM on February 19, 2016 to 011-52-13511661389 (CC-CS001641 through CC-CS001657, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 48_CHAVEZ-LOPEZ_011-52-13511661389_02-19-16_1724.mp3).

69.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:20 PM on February 19, 2016 to 011-52-4433242343 (CC-CS001626 through CC-CS001631, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 46_CHAVEZ-LOPEZ_011-52-4433242343_02-19-16_1920.mp3).

70.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 8:38 PM on February 19, 2016 to 818-310-6625 (CC-CS001615 through CC-CS001625, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 45_CHAVEZ-LOPEZ_818-310-6625_02-19-16_2033.mp3).

71.   Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 8:27 PM on February 20, 2016 to 818-310-6625 (CC-CS001567 through CC-CS001596, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 40_CHAVEZ-LOPEZ_818-310-6625_02-20-16_2027.mp3).

72. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 10:17 AM on February 21, 2016 to 818-310-6625 (CC-CS001564 through CC-CS001566, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 39_CHAVEZ-LOPEZ_818-310-6625_02-21-16_1017.mp3).

73. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:12 PM on February 21, 2016 to 818-310-6625 (CC-CS001535 through CC-CS001563, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 38_CHAVEZ-LOPEZ_818-310-6625_02-21-16_1912.mp3).

74. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 10:26 AM on February 22, 2016 to 818-310-6625 (CC-CS001525 through CC-CS001534, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 37_CHAVEZ-LOPEZ_818-310-6625_02-22-16_1026.mp3).

75. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:55 PM on February 22, 2016 to 818-310-6625 (CC-CS001486 through CC-CS001511, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 32_CHAVEZ-LOPEZ_818-310-6625_02-22-16_1955.mp3).

76. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:43 PM on February 23, 2016 to 818-310-6625 (CC-CS001467 through CC-CS001482, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 29_CHAVEZ-LOPEZ_818-310-6625_02-23-16_2014.mp3).

77. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 10:20 AM on February 24, 2016 to 818-310-6625 (CC-CS001457 through CC-CS001466, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 28_CHAVEZ-LOPEZ_818-310-6625_02-24-16_1020.mp3).

78. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:47 PM on February 24, 2016 to 818-310-6625 (CC-CS001447 through CC-CS001456, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 27_CHAVEZ-LOPEZ_818-310-6625_02-24-16_1947.mp3).

79. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 10:42 AM on February 25, 2016 to 818-310-6625 (CC-CS001445 through CC-CS001446, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 26_CHAVEZ-LOPEZ_818-310-6625_02-25-16_1042.mp3).

80. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 7:59 PM on February 25, 2016 to 818-310-6625 (CC-CS001427 through CC-CS001444, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 25_CHAVEZ-LOPEZ_818-310-6625_02-25-16_1959.mp3).

81. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 10:20 AM on February 26, 2016 to 818-310-6625 (CC-CS001424 through CC-CS001426, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 24_CHAVEZ-LOPEZ_818-310-6625_02-26-16_1020.mp3).

82. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 1:12 PM on February 26, 2016 to 011-52-13511661389 (CC-CS001419 through CC-CS001422, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 22_CHAVEZ-LOPEZ_011-52-13511661389_02-26-16_1312.mp3).

83. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 2:12 PM on February 26, 2016 to 011-52-13511002390 (CC-CS001416 through CC-CS001418, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 21_CHAVEZ-LOPEZ_011-52-13511002390_02-26-16_1412.mp3).

84. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 8:23 PM on February 26, 2016 to 818-310-6625 (CC-CS001403 through CC-CS001415, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 20_CHAVEZ-LOPEZ_818-310-6625_02-26-16_2023.mp3).

85. Certified transcript and translation of telephone call placed by Alejandro Chavez-Lopez at 8:25 PM on March 3, 2016 to 818-310-6625 (CC-CS001396 through CC-CS001402, and CC-CS001903), along with corresponding audio recording (CC-CS000602, file: 02_CHAVEZ-LOPEZ_818-310-6625_03-03-16_2025.mp3).

86. Records obtained from the 214th District Court (Nueces County, Texas) in case No. 02 CR 3331 F, State of Texas v. Alejandro Lopez Chavez (CC-CS001329 through CC-CS001347).

87. Order of Detention of Material Witness's Waiver of Bail Pending Trial for Alejandro Chavez-Lopez, filed in S.D. Cal. case no. 3:16-cr-00405-BAS, United States v. Juan Carlos Ortega-Gonzalez (CC-CS000036 through CC-CS000037).

88. Roger Clark's Amended Response to Defendant CoreCivic's Subpoena for Documents, dated August 10, 2018, with attachments.

89.  Dr. Todd Wilcox's Response to Defendant CoreCivic's Subpoena for Documents, dated August 10, 2018, with attachments.

90.  CoreCivic Training File for D. Landin (CC-CS000286 through CC-CS000414)

91.  E-Learning Program Design Storyboard/Worksheet for CoreCivic In-Service Training Course "WBT00015, Medical and Psychiatric Referral" (CC-CS000415 through CC-CS000424).

Dated:  June 17, 2021         By /s/ Ashlee B. Hesman

Daniel P. Struck, Pro Hac Vice
Ashlee B. Hesman, Pro Hac Vice
Timothy M. Ray, Pro Hac Vice
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614

Attorneys for Defendants CoreCivic, Inc. and Landin

1

## **CERTIFICATE OF SERVICE**

2

   The undersigned hereby certifies that a true and correct copy of the

3

above and foregoing document has been served on June 17, 2021, to all counsel of

4

record who are deemed to have consented to electronic service via the Court's

5

CM/ECF system per Civil Local Rule 5.4.

6

  Dated:  June 17, 2021  By s/ Ashlee B. Hesman

7

          Ashlee B. Hesman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28